IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TAREYAN COOKS,**

    Petitioner,

vs.                                         Case No. 4:12cv389-SPM/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PETITION

This cause is before the Court on a pro se petition for writ of mandamus filed by Petitioner, Tareyan Cooks. Doc. 1. Petitioner did not pay the filing fee or submit a motion to proceed in forma pauperis. Petitioner is incarcerated at the Jackson Work Camp in Malone, Florida, evidently pursuant to a state court judgment. *See id.*

The current petition essentially seeks appellate review of the state court proceedings on collateral review of Petitioner's conviction. Petitioner complains of error by the state circuit court in denying his Florida Rule of Criminal Procedure 3.850 without holding an evidentiary hearing on one of his claims, and by the Florida First District Court of Appeal in affirming the circuit court's denial of his Rule 3.850 motion. Petitioner

cites only Florida rules of procedure and case law. For relief, Petitioner seeks a writ of mandamus requiring this Court "to intervene by issuing an order to show cause either to the State Attorney's Office in Leon County, Tallahassee, Florida, or to the lower tribunal showing why Petitioner is not entitled to the requested relief." Doc. 1 at 5.

This Court has mandamus jurisdiction to compel an officer, employee, or agency *of the United States* to perform a legal duty under 28 U.S.C. § 1361, but cannot direct a state court to act.

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States.

Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir. 1998). The habeas corpus jurisdiction of the federal courts is an exception to this rule. *See, e.g.,* Sumner v. Mata, 449 U.S. 539, 543-44 (1981) (explaining that, in granting a petition filed pursuant to 28 U.S.C. § 2254, "even a single federal judge may overturn the judgment of the highest court of a State"); Dale v. Moore, 121 F.3d 624, 627-28 (11th Cir. 1997) (citing Sumner and noting that habeas corpus is an exception to the Rooker-Feldman doctrine).

Petitioner is "a person in custody pursuant to the judgment of a State court" so a claim "that he is in custody in violation of the Constitution or laws or treaties of the United States" would proceed under 28 U.S.C. § 2254. *See, e.g.,* Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Defects in collateral proceedings or review, as alleged here, are unrelated to the underlying cause of detention, and do not state a claim for habeas corpus relief. Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir.

2004), *cert. denied*, 543 U.S. 960 (2004), *citing* Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987).  See In re Rutherford, 437 F.3d 1125, 1127 (11th Cir. 2006) (citing Quince and Spradley); Anderson v. Sec'y for Dep't of Corr., 462 F.3d 1319, 1330 (11th Cir. 2006), *cert. denied,* 549 U.S. 1216 (2007) (citing Spradley).

Petitioner may wish to proceed under § 2254 to challenge the criminal judgment pursuant to which he is in custody.  In this district, a § 2254 petition must be filed on a form provided by the Clerk.  See N.D. Fla. Loc. R. 5.1(J)(2).

It is therefore respectfully **RECOMMENDED** that the petition for writ of mandamus (Doc. 1) be summarily **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 9, 2012.


S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**